UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RICHARD TART                                                                                      PETITIONER

VERSUS                                                   CIVIL ACTION NO. 1:13CV347-HSO-RHW

RONALD KING et al                                                                              RESPNDENTS

### PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Before the Court is Respondents' [11] Motion to Dismiss Petitioner Richard Tart's 28 U.S.C. § 2254 petition for writ of habeas corpus.  Tart filed his petition on September 4, 2013, asserting a constitutional right to be considered for parole eligibility.  Tart contends that, because he does not have a parole eligibility date, he is being required to serve life without parole on a sentence that previously allowed parole.  He argues that, in effect, he has received an enhancement that was not imposed by the trial judge.

Respondents filed the instant motion to dismiss in which they indicated that counsel for the Respondents contacted the Mississippi Department of Corrections (MDOC) to determine if Tart indeed had a parole eligibility date.  Upon auditing Tart's file, MDOC officials changed Tart's inmate record to reflect a parole eligibility date.  As reflected on Tart's inmate time sheet, printed November 6, 2013, he now has a parole eligibility date.  Accordingly, Tart is now parole eligible;  therefore, the relief sought in his § 2254 petition has been provided.  Tart has not filed a response in opposition to the motion to dismiss and does not dispute Respondents' contention that his § 2254 petition is now moot.

### RECOMMENDATION

Based on the foregoing, the undersigned recommends that the [11] Motion to Dismiss the

28 U.S.C. § 2254 petition for writ of habeas corpus be GRANTED.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 24th day of February, 2014.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE